UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LANG,

        Plaintiff,

vs.

Case No. 17-CV-12220
HON. GEORGE CARAM STEEH

AMERICAN MODERN
INSURANCE, INC.,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 12]

This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Plaintiff, Thomas Lang, alleges that American Modern Insurance Company ("AMI Company") overcharged him for hazard insurance on his primary residence and reported inaccurate information to credit bureaus regarding the same policy. This matter is before the court on defendant's motion to dismiss under Fed. R. Civ. P. 41.

Plaintiff filed his complaint on June 30, 2017, serving AMI Company at the home office of American Modern Insurance Group, Inc. ("AMI Group"), an insurance holding company. The motion to dismiss is filed by AMI Group, which avers that the complaint appears to be directed to an insurance company affiliated with AMI Group, but it does not know any

such company to actually exist.

AMI Group filed a declaration stating that a search of its records revealed no policy, quote or application for Thomas Lang to insure the subject property. (Zetterberg Declaration). AMI Group also states that it does not report information to credit bureaus, nor does its affiliated insurance companies. (Magnarini Declaration). On September 13, 2017, AMI Group's counsel sent a letter to plaintiff with the above information and requested that he provide documentation supporting his claims so AMI Group could review it and determine whether the matter could be resolved. A self-addressed stamped envelope was provided, yet AMI Group's counsel never received a response. On December 7, 2017, AMI Group sent plaintiff discovery requests by mail to the address on record with the court. On December 20, 2017, the discovery requests were returned to defendant as "RETURN TO SENDER VACANT UNABLE TO FORWARD."

Plaintiff has not filed an updated address with the court as required by Local Rule 11.2. In addition, in the ten months since this case has been been pending, plaintiff has made no effort to advance or prosecute his case. This includes plaintiff's failure to respond to defendant's properly delivered letter requesting information regarding his claims. The court's notice of due dates to respond to defendant's motion to dismiss was also returned as undeliverable when mailed to plaintiff's address on file.

Local Rule 11.2 provides that a party's failure to file current contact information in the event that the party's contact information changes may subject that party to sanctions, including dismissal, default judgment, and costs. In addition the court may dismiss a complaint for failure to prosecute. Fed. R. Civ. P. 41(b), L.R. 41.2. The court finds that plaintiff in this case has failed to update his address and has failed to prosecute his case as outlined above. Pursuant to the court's authority to manage its docket and avoid unnecessary burdens on the court and on opposing parties, the court grants defendant's motion to dismiss plaintiff's complaint.

IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.

So ordered.

Dated: May 10, 2018

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 10, 2018, by electronic and/or ordinary mail and also on Thomas Lang, 59490 Bart Lane, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk